```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANDREW ZITIN,                         :
                                      :
           Plaintiff,                 :    CIVIL ACTION
                                      :
     vs.                              :    No. 09-cv-01754
                                      :
CITY OF PHILADELPHIA, et al.,         :
                                      :
           Defendants.                :

## ORDER

AND NOW, this 11th day of August, 2010, upon consideration of Plaintiff's Motion to Deem Admissions Admitted (Doc. No. 21), Plaintiff's Motion to Compel (Doc. No. 22), and responses thereto, it is hereby ORDERED that Plaintiff's Motion to Deem Admissions Admitted is GRANTED[1] and that Plaintiff's Motion to Compel is GRANTED IN PART[2] and DENIED IN PART.[3]

---

[1]    Plaintiff's request for the Court to admit as established facts the assertions that he presented to Defendant in his Request for Admissions (Sets I and II) is granted.  Federal Rule of Civil Procedure 36(a)(1) permits a party to "serve on another party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:  facts, the application of law to facts, or opinions about either; and the genuineness of any described documents."  Under Rule 36(a)(3) "a matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Rule 36 makes clear that the City of Philadelphia admitted to all of Plaintiff's requests for admission when it failed to respond to any of the requests within thirty days after being served.  Therefore, the Court deems admitted all 121 of Plaintiff's requests for admission.  Plaintiff asks that the Court admit only some of the requests to which Defendant has failed to respond.  However, Rule 36(a)(3) does not allow a court to pick and choose certain admissions when a party has not addressed any of the requests for admission.  Therefore, we grant Plaintiff's Motion to Deem Admissions Admitted, but do so for all 121 of Plaintiff's requests.

[2]    First, Plaintiff requests that we compel the City of Philadelphia to produce the documents that he requested.  Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things."  Discovery materials are relevant so long

as they "appear[] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant has already produced nine of the thirteen documents requested by Plaintiff. However, Defendant has not produced Documents 2, 3, 11, and 12. These documents include pictures taken after the accident in question, the relevant search warrant and its accompanying memorandum of probable cause for searching the vehicle occupied by Plaintiff, Plaintiff's arrest photo, and documentation of damage to a police car involved in the incident in question. As this is an action for a civil rights violation based on alleged misuse of police force, these four documents can likely serve as evidence at trial, or can, at the very least, lead to the discovery of more evidence for trial. The documents that Plaintiff requested in his Motion to Compel are all nonprivileged documents that appear relevant to his case or to the City of Philadelphia's defense. Therefore, Defendant must produce Documents 2, 3, 11, and 12.

In responding to Plaintiff's request for Document 2, the City of Philadelphia claims that it does not possess any photographs taken after the accident. While this may be true, there is no indication that Defendant looked for the photos in the alternative case file cited by Plaintiff, and Defendant does not claim that no such pictures exist. Assuming that Plaintiff is correct in asserting that accident photos are available in another case file, and that this case file is within Defendant's control, Defendant must provide Plaintiff with these photographs. In addition, while Defendant has provided part of the search warrant from the night of the incident in question (Document 3), the City failed to attach the accompanying section of the affidavit demonstrating that there was probable cause to search the vehicle. As the search warrant is not complete without its probable cause affidavit, Defendant must provide Plaintiff with the probable cause memorandum that was meant to be attached to the search warrant in order to fully comply with the request. Additionally, Defendant has failed to provide Document 11, an arrest photo of Plaintiff. Though Defendant claims no arrest photo was taken the night of the incident, it admits that there was an arrest photo taken the next day. As Plaintiff has made clear that it would like this photograph to be provided, the City must comply with Plaintiff's wishes and provide the arrest photo taken the day after Plaintiff's arrest. Finally, in regards to Document 12, it appears that Defendant has not provided any materials documenting damage to the police car. If Defendant is in possession of any documents that speak to this point, Defendant is obligated to provide them. To the extent that the documents discussed above are available and in Defendant's control, Defendant must comply with Plaintiff's requests for discovery.

Plaintiff also requests that we order Defendant to provide individuals to be deposed. Federal Rule of Civil Procedure 30(b)(6) states that a party to a lawsuit "may name as the deponent . . . a governmental agency . . . and must describe with reasonable particularity the matters for examination." Once the deposing party has done this, the named agency "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." In this case, Plaintiff, the deposing party, has notified Defendant, the City of Philadelphia, of eleven matters that it plans to examine at deposition. Defendant has claimed that it will provide agents to speak about nine of the eleven issues, but Defendant objects to having to provide deponents who can speak about two of the matters raised by Plaintiff, including the various functions of the City's Research and Development Unit. Rule 30(b)(6) clearly states that a governmental agency "must" supply one or more persons who can testify about matters raised by the deposing party so long as the deposing party states those matters with reasonable particularity. Plaintiff has stated with reasonable particularity what it would like Defendant to testify about concerning its Research and

Defendant is ORDERED to provide the remaining documents requested by Plaintiff within twenty (20) days of the entry of this order, and should it be unable to comply, must file an affidavit with this Court citing the reasons for this failure.

---

Development Unit, specifically mentioning use and authorization of certain equipment, questionnaires, law enforcement subscriptions, use and authorization of certain procedures, medical attention to prisoners and the transportation of prisoners, among other things. Plaintiff has met its burden of stating what it would like to examine concerning the City's Research and Development Unit. Therefore, under Rule 36(b), Defendant is obligated to provide a witness who can testify as to the City of Philadelphia's Research and Development Unit.

[3] With respect to the document requests, Defendant has either provided or does not have in its possession or control Documents 1, 4, 5 through 10, and 13, and this Court sees no reason that Defendant should provide additional copies of the items it has already provided. Plaintiff specifically objects to Defendant's efforts to obtain the names and addresses of all the responding police officers, as solicited by Request 13; however, Plaintiff has not discussed why these efforts are deficient aside from calling Defendant's search "too narrow." Defendant asserts that it provided Plaintiff with all of the names of police officers available to it. As Plaintiff has not demonstrated otherwise, Defendant has met its burden of producing Document 13.

Turning to the production of an individual for deposition, Defendant is not obligated to provide a witness who can deliver testimony concerning all cases involving the City of Philadelphia over the last five years, as Plaintiff has not met Rule 30(b)(6)'s particularity requirement. Plaintiff has not stated with reasonable particularity about what it would like a witness for the City to testify regarding all of the City's lawsuits spanning the past five years. Rather, Plaintiff simply states that it would like to depose a witness who has knowledge about all cases concerning the city of Philadelphia or the Philadelphia Prison System. Surely, given the amount of potential information covered under this topic, Plaintiff's request for such a witness is far too general. As Plaintiff has not stated what matters concerning the City of Philadelphia's prior lawsuits it would like to examine at its 30(b)(6) deposition, Defendant is not required to produce a witness who can speak to this matter at this point.

Finally, Plaintiff's request for this Court to compel Officer Darden to be deposed within twenty days from the issuance of this Order is denied. Officer Darden underwent brain surgery in April. As it is unclear when Officer Darden will be recovered enough to testify, the Court declines to order that he be deposed within twenty days of the issuance of this Order.

```
                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER, J.
```